## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff Marie Sophie Jaafari ("Plaintiff" or "Jaafari"), and Defendants Le Périgord Inc. d/b/a Le Périgord Restaurant ("Le Périgord"), Georges Briguet, and Christopher Patrick Briguet (collectively, "Defendants," and collectively with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** The Parties recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Jaafari or to anyone else as a result of or arising out of the matters set forth in the Complaint in *Jaafari v. Le Périgord Inc. d/b/a Le Périgord Restaurant et al.*, Civil Action No. 15 Civ. 5743 (RJS) (RLE), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, Jaafari's employment relationship with Defendants, Jaafari's separation of employment with Defendants, and/or otherwise.

2. **Dismissal of Pending Action.** For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, Jaafari agrees that upon full payment of the Settlement Payment provided for in paragraph 3, she: (1) shall file the Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, to effectuate a dismissal with prejudice of this Pending Action against Defendants; and (2) shall not re-file these causes of action against Defendants arising from matters that were encompassed or could have been encompassed or raised in the Pending Action.

3. **Consideration.** Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Jaafari, as set forth and allocated below, the total sum of

Ninety-Thousand Dollars and Zero Cents ($90,000.00), and other good and valuable consideration, as described below.

4. **Payment.**

   A. Defendants shall pay the Settlement Payment, totaling $90,000.00, by no later than May 13, 2016, as follows:

   (a) Defendants shall issue and deliver to Pechman Law Group PLLC one check in the amount of $59,364.81 payable to Marie Sophie Jaafari, without any withholdings; and

   (b) Defendants shall issue and deliver to Pechman Law Group PLL one check in the amount of $30,635.19 payable to Pechman Law Group PLLC, representing attorneys' fees and costs, without any withholdings.

   B. Defendants shall issue separate IRS Forms 1099 to Jaafari and to Pechman Law Group PLLC for their respective payments set forth above. Jaafari agrees to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority (including interest, penalties, or other damages) as a result of Plaintiff's failure to pay any taxes that Plaintiff owes from any 1099 payments made by Defendants.

5. **Mutual Release.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff and Defendants, their heirs, executors, members, administrators, officers, employees, directors, agents, successors, and assigns hereby mutually release each other from any and all actions, causes of action, suits, debts, dues, sums of monies, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages,

2

judgments, executions, claims, demands, costs, liens, and liabilities whatsoever, in law, admiralty, or equity that Plaintiff and Defendants, including their heirs, executors, administrators, successors, and assigns, ever had, may have had, or now can, may, or actually have from, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of this Agreement. Nothing in this Agreement waives any rights that Plaintiff and Defendants may have that cannot be waived under applicable law.

6. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Jaafari acknowledges that she has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

7. **Attorneys' Fees and Costs.** It is further agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically set forth above.

8. **Voluntary Settlement.** Jaafari hereby represents and warrants that she has entered into this Agreement of her own free will and accord.

9. **Venue.** The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New York. Jaafari and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District

Court for the Southern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York, or any other court of proper jurisdiction in the State of New York.

10. **No Other Representations or Agreements.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

11. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

12. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to receive from the other reasonable attorneys' fees and costs.

13. **Execution In Counterpart.** This Agreement may be executed in counterpart by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement.

14. **Non-Disclosure and Communications Provision.** Plaintiff and Defendants agree that they will not contact the media or utilize social media regarding

this Settlement or its terms. If contacted by the media, Plaintiff and Defendants and their counsel shall respond "no comment" or "the matter has been resolved."

JAAFARI UNDERSTANDS, REPRESENTS, AND AGREES THAT SHE:

(A)   Has carefully read and fully understood all of the provisions of this Agreement;

(B)   Is, through this Agreement, releasing Defendants and Releasees, from any and all FLSA and NYLL wage and hour claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants, or otherwise;

(C)   Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(D)   Knowingly and voluntarily intends to be legally bound by this Agreement;

(E)   Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel of her choice prior to executing this Agreement; and

[INTENTIONALLY BLANK, SIGNATURES ON NEXT PAGE]

(F)  Is duly authorized and has full authority to execute this Agreement.

| PLAINTIFF: | DEFENDANTS: |
|---|---|
|  | Le Périgord Inc. d/b/a Le Périgord Restaurant |
| _____ | By: _____ |
| Marie Sophie Jaafari |  |
| Dated: April 14, 2016 | Dated: April 14, 2016 |
|  | _____ |
|  | Georges Briguet |
|  | Dated: April 14, 2016 |
|  | _____ |
|  | Christopher Briguet |
|  | Dated: April 14, 2016 |

6

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
MARIE SOPHIE JAAFARI,                                             :
                                                                  :
                                    Plaintiff,                    :
                                                                  :     15 Civ. 5743 (RJS) (RLE)
            -against-                                             :
                                                                  :
LE PERIGORD, INC. d/b/a LE PERIGORD                               :     STIPULATION OF
RESTAURANT, GEORGES BRIGUET, and                                  :     DISMISSAL
CHRISTOPHER PATRICK BRIGUET,                                      :
                                                                  :
                                    Defendants.                   :
----------------------------------------------------------------- X

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 41 of the Federal Rules of Civil Procedure, that this action be dismissed in its entirety. The Court shall maintain jurisdiction over this matter for the purposes of enforcing the Parties' settlement agreement, if necessary.

Dated: New York, New York
       April 14, 2016

PECHMAN LAW GROUP PLLC                          FERRARI & FERRARI LLP
*Attorneys for Plaintiff*                        *Attorneys for Defendants*


By: _____                    By: _____
    Louis Pechman, Esq.                             Robert V. Ferrari, Esq.
    Gianfranco J. Cuadra, Esq.                      630 Third Avenue, 18th Floor
    488 Madison Avenue, 11th Floor                  New York, NY 10017
    New York, NY 10022                              (212) 972-7040
    (212) 583-9500


SO ORDERED.


_____
Richard J. Sullivan, U.S.D.J.